FILED

2013 SEP -3  AM 11: 28

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

CALLAHAN & BLAINE, APLC
Daniel J. Callahan (Bar No. 91490)
dan@callahan-law.com
Javier H. van Oordt (SBN 184879)
jvo@callahan-law.com
Michael J. Wright (SBN 231789)
mwright@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
(714) 241-4444 / (714) 241-4445 [fax]

Attorneys for Defendant
DONALD MACALLISTER

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS O'BRIEN and DIGICEL GROUP LTD, <br><br> Plaintiff, <br><br> v. <br><br> DONALD MACALLISTER, <br><br> Defendants. | CASE NO. SACV-12-01965-JVS (ANx) <br><br> **DONALD MACALLISTER'S AMENDED COUNTER-CLAIM** <br><br> **DEMAND FOR JURY TRIAL** |
| DONALD MACALLISTER, <br><br> Counter-Claimant <br><br> v. <br><br> DENIS O'BRIEN and DIGICEL GROUP LTD, <br><br> Counter-Defendants. | |

ORIGINAL BY FAX

Counter-Claimant Donald MacAllister alleges as follows:

1. Donald MacAllister is and at all relevant times has been a resident of Orange County, California.

2. Denis O'Brien is an Irish businessman who at all relevant times has been Chairman and majority owner of Digicel Group Limited.

3. On information and belief Digicel is a telecommunications company incorporated in Bermuda with its principal place of business in Kingston, Jamaica.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the Central District because Counter-Defendants filed this lawsuit against Counter-Claimant in the Central District.

## FACTUAL ALLEGATIONS

6. This is a dispute between family members, Denis O'Brien and Donald MacAllister are cousins. As a result of that family relationship Donald MacAllister trusted Denis O'Brien and relied upon that trust in his dealings with O'Brien and Digicel.

7. Having recently come into a large amount of money, in 2002 O'Brien told MacAllister that he was making him a gift of $100,000. MacAllister asked his cousin if he could invest the money in Digicel and O'Brien agreed to facilitate that investment in the form of Digicel stock options. (The First Investment.)

8. Impressed by the apparently positive performance of Digicel, and having received an inheritance from a recently deceased relative, MacAllister wrote to O'Brien and asked if he could make a second investment in the company.

9. O'Brien agreed to facilitate this additional investment in Digicel and on June 25, 2003 MacAllister gave O'Brien bank draft #441834, drawn on Allied Irish

Bank in the amount of €100,000, for him to invest on MacAllister's behalf. (The Second Investment.) The draft was subsequently cashed on July 3, 2003.

10. Over the years, Digicel grew and MacAllister reasonably anticipated a good return on both investments.

11. In 2007, MacAllister exercised the stock options he received in return for his First Investment. (Complaint at ¶ 11.)

12. In 2011, the Moriarty Tribunal, set up by the Irish government to investigate allegations of bribery of a government official by O'Brien in connection with the granting of a mobile phone license in that country, issued unfavorable findings related to O'Brien. Concerned about the potentially damaging effect this could have on the value of Digicel, MacAllister asked O'Brien for information on the status of his Second Investment.

13. Despite having accepted MacAllister's payment of €100,000 to invest in Digicel in or around June/July 2003, O'Brien disavowed all knowledge of the Second Investment and claimed MacAllister was owed nothing, having been paid the proceeds of the First Investment.

### FIRST CAUSE OF ACTION
### (Conversion - O'Brien)

14. Cross-Complainant MacAllister restates and re-alleges the allegations set forth in paragraphs 1 through 13 and incorporates them by reference.

15. Donald MacAllister issued a bank draft to Denis O'Brien in the amount of €100,000 to be invested in Digicel. O'Brien held himself out as and was in fact was Chairman and majority owner of Digicel at the time and in that capacity agreed to personally facilitate the investment in the corporation but now refuses to account for or repay that investment.

16. By failing to repay the Second Investment in Digicel, or otherwise account for it, O'Brien has substantially interfered with MacAllister's property by taking

possession of the investment, and refusing to return the proceeds of that investment following demand from MacAllister, including capital appreciation, dividends and interest.

17. MacAllister paid €100,000 to O'Brien for the sole purpose of investing in Digicel and did not consent any other use of the funds.

18. O'Brien's failure to repay the proceeds of MacAllister's Second Investment has resulted in substantial harm.

## SECOND CAUSE OF ACTION
### (Breach of Contract - O'Brien/Digicel)

19. Cross-Complainant MacAllister restates and re-alleges the allegations set forth in paragraphs 1 through 13 and incorporates them by reference.

20. In June 2003 MacAllister and O'Brien entered into a contract under the terms of which MacAllister would invest €100,000 in Digicel.

21. As the controlling shareholder of the corporation O'Brien agreed to facilitate this investment and on July 3, 2003 caused MacAllister's bank draft to be cashed.

22. Both O'Brien and Digicel have denied, and continue to deny, that this investment took place causing harm to MacAllister in the form of lost profits, interests, dividends and capital appreciation.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment - O'Brien/Digicel)

23. Cross-Complainant MacAllister restates and re-alleges the allegations set forth in paragraphs 1 through 13 and incorporates them by reference.

24. MacAllister has paid Digicel, through its controlling shareholder Denis O'Brien, €100,000, intended and agreed to by O'Brien as an investment in Digicel.

25. Digicel and O'Brien accepted this payment and have benefitted from it.

26. Digicel and O'Brien would be unjustly enriched if allowed to retain the benefit of this investment without reimbursing MacAllister for the loss of interest, dividends and capital appreciation resulting from that investment from June 2003 to the present.

## PRAYER

WHEREFORE, Cross-Complainant prays for judgment as follows:

27. For general damages in an amount to be proven at trial, including lost profits, dividends and capital appreciation;

28. Punitive damages; and

29. Such other relief as this Court may deem just.

Dated: August 30, 2013                    **CALLAHAN & BLAINE, APLC**

By: _____
Javier H. van Oordt
Michael J. Wright
Attorneys for Defendant
DONALD MACALLISTER

## DEMAND FOR JURY TRIAL

Counter-Claimant demands trial by jury of all factual issues arising hereunder.

Dated: August 30, 2013

CALLAHAN & BLAINE, APLC

By: /s/ Michael J. Wright
Javier H. van Oordt
Michael J. Wright
Attorneys for Defendant
DONALD MACALLISTER

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action; my business address is: **3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707.**

On **September 3, 2013,** I served the foregoing document(s) described as:

**DONALD MACALLISTER'S AMENDED COUNTER-CLAIM**

**DEMAND FOR JURY TRIAL**

Neal A. Potischman, Esq.
**DAVIS POLK & WARDWELL LLP**
1600 E. Camino Real
Menlo Park, CA 94025
Tel: (650) 752-2021
Fax: (650) 752-3621
Email: neal.potischman@davispolk.com
*Attorneys for Plaintiffs*
Denis O'Brien and Digicel Group, Ltd.

[X]     **BY MAIL:** I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 3, 2013, at Santa Ana, California.

_____
Megan Walters